# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT P. MULLER, an individual, CESAR MIANI, an individual, YOLANDA MIANI, an individual, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>AUTO MISSION, LTD., a corporation, dba Hayward Toyota; TOYOTA MOTOR CREDIT CORPORATION, a corporation; and DOES 1 through 20, Inclusive,<br><br>Defendants. | No. 13-cv-00304-NC<br><br>**ORDER TO SHOW CAUSE RE: REMAND** |

Plaintiffs initiated this lawsuit against defendants Auto Mission and Toyota Motor Credit Corporation ("TMCC") in the Superior Court of California, San Mateo County on August 31, 2012. Dkt. No. 1 at 5, 9. On January 22, 2013, TMCC removed the action to this Court, and Auto Mission consented to the removal. *Id.* at 1-7. Shortly thereafter, TMCC filed a motion to compel arbitration, in which Auto Mission joined. Dkt. Nos. 5, 12. Although plaintiffs did not challenge the removal, the Court has an obligation to ensure that it has subject matter jurisdiction over the case. For the reasons that follow, the Court orders defendants to show cause why the case should not be remanded to state court.

Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that section 1447(c) permits district courts to remand *sua sponte* for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, the notice of removal asserted that this Court had federal question jurisdiction over plaintiffs' complaint. Dkt. No. 1 at 2-5. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque*, 582 F.3d at 1091.

This action arises out of plaintiffs' purchase of a vehicle from Auto Mission and financing for that vehicle from TMCC. Dkt. No. 1 at 9. Plaintiffs allege that Auto Mission and TMCC violated various consumer protection statutes: the Consumers Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*, the Automobile Sales Finance Act ("ASFA"), Civil Code § 2981, *et seq.*, the Contract Language Translation Law ("CLTL"), Civil Code § 1632, the Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et*

*seq.*, the False Advertising Law ("FAL"), Business & Professions Code § 17500, *et seq.*, and, various provisions of the California Vehicle Code ("CVC"). *See Id.* at 10. Plaintiffs also allege causes of action for declaratory relief and conversion. *Id.* at 36-38. Accordingly, based on the face of the complaint it appears that plaintiffs' causes of action are created by state, not federal law.

The notice of removal concedes as much, and instead argues that "although plaintiffs do not assert any federal cause of action *per se*, at least two of the causes of action they assert against TMCC necessarily depend on the resolution of one or more substantial questions of federal law." Dkt. No. 1 at 2-3. Specifically, TMCC points to allegations in the complaint that defendants violated Regulation Z, codified at 12 C.F.R. 226, and the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Section 1601, *et seq. See* 12 C.F.R. 226.1(a) ("This regulation, known as Regulation Z, is issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act ..."). Dkt. No. 1 at 3. TMCC contends that plaintiffs' state law causes of action for violation of the ASFA and the CLRA "necessarily depend on a violation of Regulation Z and/or TILA." *Id.* TMCC's contention does not appear to have merit.

It is well-settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986)); *see, e .g.*, *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (finding no federal jurisdiction where the complaint alleged violations of Title VII and the federal Constitution, but asserted only state law claims for relief). Further, "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Applying these principles, many courts have declined to find federal question jurisdiction over state law claims despite plaintiff's allegations of TILA violations. *See*

*e.g.*, *Pangilinan v. Downey Sav. & Loan Ass'n*, No. 11-cv-2016 EMC, 2011 WL 2837587, at *3-4 (N.D. Cal. July 18, 2011) (finding remand appropriate because TILA was not a necessary element to § 17200 claim where (1) the same facts that could support TILA violation also supported state law violations underpinning section 17200 claim; (2) there was no dispute about the meaning or construction of TILA; and (3) any TILA question was not substantial); *Gaspar v. Wachovia Bank*, No. 10-cv-3597 SBA, 2011 WL 577416, at *2-3 (N.D. Cal. Feb. 9, 2011) (concluding that there was no federal question jurisdiction over state law claims where alleged factual grounds for breach of implied covenant of good faith and fair dealing claim went beyond the disclosures statutorily mandated by TILA); *California v. Pinnacle Sec. CA. LP*, 746 F. Supp. 2d 1129, 1131 (N.D. Cal. 2010) (lawsuit alleging section 17200 cause of action was not subject to removal despite references to TILA and Regulation Z because plaintiff was able to show that defendant acted unlawfully based on state law provisions without reference to federal law); *Briggs v. First Nat. Lending Services*, No. 10-cv-00267 RS, 2010 WL 962955, at *2-3 (N.D. Cal. Mar. 16, 2010) ("Here, since the complaint's UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA is not considered a necessary element under *Rains*."); *Cortazar v. Wells Fargo & Co.*, No. 04-894 JSW, 2004 WL 1774219, at *2-4 (N.D. Cal. Aug. 9, 2004) (concluding that plaintiffs did not need to depend on violation of federal law to bring their section 17200 claim because they alleged independent state law theories supporting that claim); *Castro v. Providian Nat. Bank*, No. 00-cv-4256 VRW, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (stating that "whether or not plaintiffs have asserted the TILA as a basis for their section 17200 claim, the TILA is not a necessary element for a finding of liability under the state law at issue. Indeed, a jury could find that defendants have violated section 17200 . . . without finding that defendants have violated the TILA.").

    The complaint in this case alleges a number of state laws claims, only two of which—the CLRA and ASFA claims—reference the TILA/Regulation Z. Plaintiffs' first cause of action is titled "For Violation of the Consumers Legal Remedies Act, (Violation

of California Civil Code§ 1750, et seq.).” Dkt. No. 1 at 24. The CLRA cause of action is based on a number of different theories which are listed separately as the following thirteen "counts": (1) "Misrepresenting the Terms of the Agreement"; (2) "Requiring BUYERS to Execute a RISC containing Blank Spaces"; (3) "Misrepresenting the Amount of the APR"; (4) "Misrepresenting the Cost of After Market Products"; (5) "Misrepresenting BUYERS' Obligation for Optional DMV Electronic Filing Fee"; (6) "Misrepresenting the Trade-in payoff amount"; (7) "Misrepresenting the Amount Given as a Down Payment"; (8) "Misrepresenting the True Identity of the Buyers"; (9) "Failure to Provide a Spanish Language Copy of the RISC"; (10) "Conducting an Improper Offsite Sale"; (11) "Failure to Provide Offsite Sale Disclosures"; (12) "Failure to Provide Copies of Signed Credit Application"; and (13) "Failure to Provide Copies of Signed Sale Documents Prior to Delivery of VEHICLE." *Id.* at 24-27.

Only two of the counts refer to the TILA. Count 2 alleges that "When SELLER required MULLER to execute a RISC for the purchase of the VEHICLE which contained blank spaces and which failed to provide the disclosures required by [TILA] *and by ASFA*, SELLER violated Civil Code §1770(a)(5), (9) and (14)." *Id.* ¶ 99 (emphasis added). In addition, Count 8 alleges that "When SELLER engaged in a 'straw purchase' by failing to disclose the true identity of the buyer on the RISC as CESAR and/or YOLANDA, despite its knowledge of the true identity of the buyer, SELLER failed to comply with TILA *and ASFA*. In so doing, SELLER violated Civil Code §1770(a)(5), (9) and (14)." *Id.* ¶ 105 (emphasis added).

The second cause of action is titled "For Violation of the Automobile Sales and Finance Act, (Violation of California Civil Code§ 2981, et seq.)." *Id.* at 28. Like the CLRA cause of action, the ASFA claim is based on a multiple theories alleged as ten separate "counts": (1) "Failure to provide disclosures required by Regulation Z"; (2) "Failure to provide disclosures required by Civil Code §2982"; (3) "Failure to provide disclosures required by Civil Code §2982(a)"; (4) "Failure to Provide Copies of Signed Credit Application"; (5) "Requiring BUYERS to Execute a RISC Containing Blank

Spaces"; (6) "Failure to Provide Copies of Signed Sale Documents Prior to Delivery of VEHICLE"; (7) "Untruthful/Inaccurate Disclosure of the Amount of the APR"; (8) "Untruthful/Inaccurate Disclosure of the Cost of After Market Products"; (9) "Untruthful/Inaccurate Disclosure of the Trade-In payoff amount"; and (10) "Untruthful/Inaccurate Disclosure of the Amount Given as a Down Payment."

Again only two of the counts refer to Regulation Z. Count 1 alleges that "Civil Code §2982 requires that '(e]very conditional sale contract subject to this chapter shall contain the disclosures required by Regulation Z, whether or not Regulation Z applies to the transaction.' [¶] SELLER failed to truthfully and accurately provide all of the disclosures required by Regulation Z." *Id.* at ¶¶ 121-22. Additionally, Count 7 alleges that "When SELLER charged a 6.99% APR, SELLER failed to truthfully and accurately disclose the terms that had been negotiated by the parties, in violation of Regulation Z *and Civil Code §2982*." *Id.* at ¶ 129 (emphasis added).

Both the CLRA and ASFA claims seek only remedies pursuant to state law. *Id.* at 27-28, 30-31. Moreover, to the extent those claims allege violations of TILA/Regulation Z, those allegations appear to be only a small part of many independent allegations supporting the state law claims. It thus appears that plaintiffs' claims do not depend on federal law, and that defendants could be found to have violated the CLRA and ASFA on a number of different state law grounds without the need to construe any federal statute or regulation. Defendants have not demonstrated that plaintiffs' isolated references to TILA and Regulation Z in the complaint raise a *substantial* question of federal law. *See Medina v. Performance Auto. Group, Inc.*, 841 F. Supp. 2d 1121, 1127 (E.D. Cal. 2012) (finding that federal question jurisdiction could not be based on he ASFA's reference to Regulation Z in automobile buyer's action alleging state law violations because the need to evaluate the accuracy of the APR in plaintiff's contract did not raise a substantial question of federal law).

In light of the foregoing, the Court has serious concerns about the possible lack of subject matter jurisdiction in this case. It is, therefore, prudent to defer ruling on the

Case No.13-cv-00304 NC
ORDER TO SHOW CAUSE
RE: REMAND

6

pending motion to compel arbitration until resolution of this threshold jurisdictional issue. Accordingly, by April 29, 2013 defendants must file a response showing cause why this action should not be remanded to state court for lack of federal subject matter jurisdiction. Plaintiffs may submit an opposition to defendants' response by May 6, 2013. No reply brief may be filed without leave of Court. The Court hereby continues the hearing on the motion to compel arbitration to May 15, 2013 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District Court, 450 Golden Gate Avenue, San Francisco, California.

IT IS SO ORDERED.

Date: April 15, 2013

Nathanael M. Cousins
United States Magistrate Judge